IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, #1433741, | § | |
|     *Plaintiff,* | § | |
| | § | Civil Action No. 4:18cv434 |
| v. | § | |
| | § | |
| BRODY SHANKLIN, et al., | § | |
|     *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Mark Cliff Schwarzer filed a civil rights complaint pursuant to 42 U.S.C. §1983. He claims Defendants violated his constitutional rights throughout the prosecution of his criminal proceedings in Denton County, Texas. Plaintiff brings suit against Defendants in their official and individual capacities and seeks prospective relief and any fees associated with the lawsuit. This Memorandum Opinion and Order concerns Defendants Judge Shanklin's and Justice Keller's motion to dismiss (Dkt. #9), as well as Defendants Adelstein, French, and Johnson's motion to dismiss (Dkt. #10).

### BACKGROUND

Plaintiff brings suit against Judge Brody Shanklin, District Court Judge for the 211th Judicial District Court in Denton County, Texas, and Justice Sharon Keller, justice of the Texas Court of Criminal Appeals. He also brings suit against Denton County Clerk, Sherri Adelstein, and Denton County Criminal District Attorney, Paul Johnson. Also included in the lawsuit is Robert French, (now retired) Court Reporter for the 211th Judicial District Court in Denton County, Texas.

1

Plaintiff's lawsuit arises from Plaintiff's conviction of two counts of aggravated sexual assault on April 13, 2007. The Second Court of Appeals affirmed Plaintiff's conviction on June 12, 2008, and the Texas Court of Criminal Appeals denied his state habeas corpus application without written order on July 12, 2017.

Plaintiff asserts he was coercively interrogated by a detective in 2006, who then misrepresented his statements to a judge, which ultimately resulted in Plaintiff's arrest. Plaintiff contends that the grand jury's indictment against him was based on perjured testimony. A criminal trial was held in April, 2007, in which the State introduced a video of Plaintiff during interrogation. The presiding judge at that time, L. Dee Shipman, ruled that Plaintiff's interrogation statements were voluntary. During closing arguments, the prosecutor stated Plaintiff had confessed. Plaintiff asked defense counsel to object, but counsel told him that objections were not allowed during closing arguments. A jury found Plaintiff guilty of aggravated sexual assault.

After the appellate court affirmed Plaintiff's conviction, he filed a state petition for writ of habeas corpus. Plaintiff complained that the State made improper arguments, and Judge Brody Shanklin, Judge Shipman's successor, did not hold an evidentiary hearing. The record of the case was transferred to the Texas Court of Criminal Appeals, but Plaintiff contends the record was incomplete. He filed six motions, complaining he was not receiving sufficient process. Plaintiff filed a motion to recuse Judge Shanklin, which was denied. Plaintiff also filed discovery motions to which the district attorney responded, noting that "a governmental body is not required to produce such [information] to an incarcerated individual," citing to Section 552.028 of the Texas Government Code. Plaintiff asserts that the exclusion cited applies to a request for information

under the Freedom of Information Act – not a request made through the judicial system. He states that the District Court ignored the motion and provided no response. Plaintiff also complains that Judge Shanklin ordered to start the collection of court fees from Plaintiff before Plaintiff completed his term of confinement.

Based on these assertions, Plaintiff brings claims against Defendants, contending that their actions and inactions violated his due process rights. Plaintiff seeks "prospective injunctions" from this Court to stop further violations of Plaintiff's constitutional rights. Plaintiff asks the Court to do the following:

1. Order Judge Shanklin to recuse himself from all proceedings;
2. Order Judge Shanklin (or his replacement) to grant Plaintiff's motion for discovery;
3. Order Judge Shanklin (or his replacement) to grant Plaintiff's motion for an evidentiary hearing;
4. Order Judge Shanklin (or his replacement) to re-review every ground raised in Plaintiff's state habeas corpus application;
5. Order Judge Shanklin (or his replacement) to stop the collection of court fees;
6. Order Clerk Adelstein to correctly process documents and respond timely to Plaintiff's requests;
7. Order Clerk Adelstein to forward all documents concerning Plaintiff's case to the Texas Court of Criminal Appeals at the appropriate time;
8. Order Justice Keller (or her alternate) to re-open Plaintiff's state habeas corpus application, and re-review it;

9. Order Justice Keller (or her alternate) to grant the motion for oral arguments;

10. Order Court Reporter French to provide the "unadulterated reporter minutes" and pay for a certified court reporter outside of Denton County to transcribe the proceedings;

11. Order Court Reporter French to divulge which sections of the Statement of Facts were changed, and his reasoning for changing it;

12. Order District Attorney Johnson to provide all the material requested in Plaintiff's motion for discovery within thirty days, in particular, transcripts from the Grand Jury and any documents from the District Attorney's office containing any inference to a confession of the crimes;

13. Order District Attorney Johnson and those in his office to stop slandering Plaintiff;

14. Order Defendants to reset the process concerning the state writ of habeas corpus;

15. Order the costs of Plaintiff's suit to be paid; and

16. Any additional relief deemed just, proper, and equitable.

Defendants Judge Shanklin and Justice Keller filed a motion to dismiss because Plaintiff's case lacks standing, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, Plaintiff's claims are barred by the *Younger* abstention doctrine, and Plaintiff's claims against the judicial defendants in their official capacities are barred by Eleventh Amendment immunity. Defendants Adelstein, French, and Johnson filed a motion to dismiss based on *Heck v. Humphrey*, the lack of personal involvement of Defendants in Plaintiff's conviction, and Eleventh Amendment immunity. Plaintiff filed a response to the motions to dismiss.

## STANDARDS - RULES 12(b)(1) and ELEVENTH AMENDMENT

This Court has an initial and continuing independent obligation under Fed. R. Civ. P. 12(b)(1) to review and dismiss cases in which it lacks subject-matter jurisdiction, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Rule 12(b)(1) allows a court to dismiss the case whenever it appears the court lacks jurisdiction of the subject matter. In fact, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It is well established that dismissals for lack of subject-matter jurisdiction may be ordered *sua sponte*. *Arbaugh*, 546 U.S. at 506.

Federal courts are courts of limited jurisdiction; without jurisdiction, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Under Federal Rule of Civil Procedure 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *In re FEMA Trailer*, 668 F.3d at 286. A court should consider whether it has subject-matter jurisdiction pursuant to Rule 12(b)(1) before addressing any claims on the merits. *Id*. A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Haliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). A district court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the

court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). The party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The Eleventh Amendment bars suit in federal court against a state, or its agencies or departments, regardless of the relief requested. *Pennhurst State Sch. & Hosp. v. Alderman*, 465 U.S. 89, 100 (1984). Eleventh Amendment immunity confers immunity from suit, not merely from liability. *Id.* at 100-02. The U.S. Supreme Court expressly acknowledges the importance of protecting government time and witnesses in the context of immunity from suit. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (basic thrust of the immunity doctrine is to free officials from the concerns of litigation).

**Discussion**

In this case, Plaintiff asks that the Court order State judges and State employees to do certain things, which he labels as "prospective injunctions." These requests concern matters within the scope of Defendants' employment as State employees. However, federal district courts are courts of limited statutory jurisdiction. *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997). The only federal statute concerning the federal district court's authority to issue writs of mandamus is 28 U.S.C. § 1361. That statute specifically provides that district courts have original jurisdiction of any action in mandamus to compel an officer or employee of the United States "or any agency thereof to perform a duty owed to the plaintiff." Defendants, in this case, are State Judges, a State District Attorney, a State Court Reporter, and a State Clerk of the Court. As such, Defendants constitute agents of the State of Texas. The State of Texas is not a federal officer, agent, or employee and is not

subject to the statutory mandamus authority of this Court. Federal courts have no jurisdiction to direct State courts or their judicial agents in the performance of their duties. *Lamar v. 118th Judicial Dist. Court of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971); *Moye v. Clerk, Dekalb Cty. Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (a federal district court is not authorized to direct state officials in the performance of their duties); *Jackson v. Caddo Corr. Ctr.,* 235 F.3d 1340 (5th Cir. 2000) (unpublished), *cert. denied*, 531 U.S. 1157 (2001) (federal district courts may not issue writs of mandamus to compel state officials to act in a given way).

To establish standing, Plaintiff must show (1) an actual or imminent concrete and particularized "injury-in-fact" that is (2) fairly traceable to the challenged action of the defendant, and (3) is likely to be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000). It is Plaintiff's burden to establish all three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Since Plaintiff's request for relief is unavailable, Plaintiff cannot establish standing because he cannot establish an injury likely to be redressed by a favorable decision. *Friends of the Earth*, 528 U.S. at 180-81. Consequently, this Court lacks jurisdiction to entertain Plaintiff's requests for relief.

The Court additionally notes that Plaintiff has sued State actors in their official capacities. The Supreme Court has made it clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting states. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Neither Congress nor the State of Texas has waived Eleventh Amendment immunity regarding Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity."). Plaintiff essentially asserts that the judges' prior judicial decisions and

the actions and inactions of other State staff violated his due process rights, and is asking this Court to issue orders to compel the State officials to do certain things. It is well settled that states and their officials acting in their official capacities are not "persons" under section 1983, and therefore, Eleventh Amendment immunity is not abrogated by that statute. *Id.* at 71.

In conclusion, Plaintiff fails to establish standing; thus, Defendants' motions to dismiss must be granted. Plaintiff also fails to show that Defendants are not immune from suit under the Eleventh Amendment.

It is therefore **ORDERED** that Defendants' motions to dismiss (Dkt. ## 9, 10) are **GRANTED**, and the claims against them are **DISMISSED** with prejudice. All motions not previously ruled upon are **DENIED**.

**SIGNED this 13th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE