IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK CLIFF SCHWARZER, #1433741 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:18cv434 |
| BRODY SHANKLIN, ET AL. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* Plaintiff Mark Cliff Schwarzer's motion to recuse the undersigned (Dkt. #37), Plaintiff's amended complaint (Dkt. #38), and Plaintiff's motion for a new hearing (Dkt. #39).

## I.  BACKGROUND

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983. He claimed Defendants, who are State judges and State employees, violated his constitutional rights throughout the prosecution of his criminal proceedings in Denton County, Texas. Plaintiff brought suit against Defendants in their official and individual capacities and sought prospective relief and any fees associated with the lawsuit.

On March 13, 2019, the undersigned issued a Memorandum Opinion and Order (Dkt. # 20) and Final Judgment (Dkt. # 21) granting Defendants' motions to dismiss and dismissing Plaintiff's complaint with prejudice. The undersigned concluded Plaintiff failed to (1) establish standing because federal courts have no jurisdiction to direct State courts or their judicial agents in the performance of their duties or (2) show that Defendants were not immune from suit under the Eleventh Amendment. (Dkt. #20). In July 2019, Plaintiff filed a Motion to Supplement First Amended Complaint (Dkt. #25), which a United States Magistrate Judge denied as moot because Plaintiff's claims had been dismissed with prejudice and a Final Judgment. (Dkt. #28). On January

1

12, 2020, the undersigned denied Plaintiff's motion to alter or amend the judgment (Dkt. #22) under Federal Rule of Civil Procedure 59(e). (Dkt. #31). Plaintiff appealed both the dismissal of his complaint and the denial of his Rule 59(e) motion to the Fifth Circuit Court of Appeals. (Dkt. #32). On September 21, 2021, the Fifth Circuit affirmed the judgment of the district court. (Dkt. #34). The mandate issued on October 21, 2021. (Dkt. #34).

## II. ANALYSIS

### A. Motion to Recuse

Plaintiff has filed a motion to recuse the undersigned. (Dkt. #37). In support of his motion, Plaintiff alleges:

> As the federal judge assigned to the case, Amos Mazzant, violated his oaths and the Code of Judicial Conduct when he decided to prematurely end the case after Schwarzer tried to file a First Amended Complaint and a Motion for Class Action in February 2019. The judge dismissed the suit on March 13th. [Plaintiff] had the First Amended Complaint sent again, which was delivered to the court on November 6th and signed by D. Jones. Since the docket does not show the second, certified, pleading, it is apparent that it too was tossed out.
>
> Why Mazzant chose to throw away legal pleadings in his courtroom is still a mystery but it is clear that he has crossed the line in regards to [Plaintiff's] civil and constitutional rights. He should be permanently disbarred.

(Dkt. #37, p. 2).

Disqualification and recusal of a federal judge are governed by 28 U.S.C. § 144 and § 455. Plaintiff does not cite whether he brings his motion under § 144 or § 455.[1] In an abundance of caution, the Court considers Plaintiff's motion under § 144 and § 455.

---

[1] Plaintiff only cites to federal regulations applicable to administrative proceedings and the Code of Conduct for United States Judges. (Dkt. #37, p. 2 (citing 29 C.F.R. § 2200.68 and Cannon 3(C) of the Code of Conduct for United States Judges)). The regulation invoked in his motion does not apply at all. *See, e.g.*, 29 C.F.R. §§ 2200.1(b), (f); 2200.2(a) (application of the regulations to "all proceedings before the [Occupational Safety and Health Review Commission] and its Judges"); *see also* 29 U.S.C. § 652(2).

2

"Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding." *Shugart v. Hoover*, No. 4:17-CV-633, 2018 WL 647769, at *1 (E.D. Tex. Jan. 31, 2018) (quoting *Thornton v. Hughes, Watters & Askanase, LLP*, No. 2:16-CV-66, 2016 WL 8710442, at *5 (S.D. Tex. Oct. 21, 2016), *report and recommendation adopted*, No. 2:16-CV-66, 2016 WL 6775676 (S.D. Tex. Nov. 16, 2016) (citing 28 U.S.C. § 144)). A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true, would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citing *Parrish v. Bd. of Comm'rs of Alabama State Bar*, 524 F.2d 98, 100 (5th Cir. 1975)); *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge.[2] *Id.*

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The United States Supreme Court has made clear

---

[2] Plaintiff's motion contains a "Verification" wherein Plaintiff avers "the matters alleged therein are true" and certifies the statements in the pleading are "true and correct" under "penalty of perjury." (Dkt. #37, p. 3). The pleading will be treated as one made under oath in order to give Plaintiff the benefit of the doubt.

"[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). "Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety." *Shugart*, 2018 WL 647769, at *2 (citing H.R. REP. NO. 93-1453, at 6355 (1974)). Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

In the instant case, and as noted *supra*, Plaintiff asserts recusal is appropriate because the undersigned dismissed his lawsuit which demonstrates the undersigned's prejudice against prisoner lawsuits. (Dkt. #37, p. 1). The entirety of Plaintiff's unfounded accusations relates to the undersigned's rulings as a district judge in Plaintiff's case, which cannot form the basis of a motion to recuse. *See United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (a plaintiff's complaints about adverse rulings are not an adequate basis for demanding recusal); *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (same); *Thornton*, 2016 WL 8710442, at *5 ("To the extent that [the plaintiffs] complain of adverse rulings, such rulings are not an adequate basis

4

for demanding recusal."). "[T]rial rulings have a judicial expression rather than a judicial source," such that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)). Moreover, the undersigned's statements made in consideration of Plaintiff's case do "not demonstrate 'a deep-seated favoritism or antagonism that would make fair judgment impossible,' [and therefore,] they fail[]to support a claim for bias or prejudice." *United States v. Stanley*, 595 F' Appx. 314, 320 (5th Cir. 2014). The recusal and disqualification statutes are not designed to substitute for an appeal; Plaintiff's remedy lay in appealing the undersigned's rulings to the Fifth Circuit Court of Appeals, which he has done. *See Liteky*, 510 U.S. at 541 (a judge's rulings "are proper grounds for appeal, not for recusal"); *Thornton*, 2016 WL 8710442, at *5.

Plaintiff's allegations that certain of his pleadings were not filed by the Clerk of are conclusory and devoid of support. The docket does not indicate any pleadings were "tossed out" or not filed, or that the undersigned directed the Clerk of Court to do so. Plaintiff's vague and conclusory allegations do not establish the undersigned was biased.

Because Plaintiff's motion fails to sufficiently show bias or prejudice, the Court finds no basis for recusal in this matter.

B. <u>**Amended Complaint and Motion for a New Hearing**</u>

Final judgment has entered, and this case is closed. Under these circumstances, Plaintiff's amended complaint is not properly filed and a motion for a new hearing is moot.

### III. CONCLUSION

It is therefore **ORDERED** that Plaintiff's motion to recuse the undersigned (Dkt. #37) is **DENIED**. It is further **ORDERED** that Plaintiff's motion for a new hearing (Dkt. #39) is

**DENIED** as moot. It is finally **ORDERED** that the Clerk of Court **STRIKE** Plaintiff's amended complaint (Dkt. #38) as improperly filed in a closed case.

    **SIGNED this 15th day of August, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE